UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MOON,

     Plaintiff,                      Case No.  2:24-cv-12850

                                           District Judge Susan K. DeClercq
v.                                Magistrate Judge Kimberly G. Altman

SISSEN, SCUDDER, HORTON,
PERRY, TROWBRIDGE, KNAUP,
WAGUS, ROSENBROCK, BROWN,
JOHNSON, JOHN DOE, and
CAMPBELL,

     Defendants.

_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIONS (ECF Nos. 10, 11, 12) AND DECLARATORY JUDGMENT (ECF No. 15)

I.     Introduction

This is a prisoner civil rights case.  Plaintiff David Moon, also known as Azelie Delaina Moon (Moon),[1] has sued multiple defendants alleging retaliation, deliberate indifference and failure to protect, and violations of due process, equal protection, and the Americans with Disabilities Act (ADA).  *See* ECF No. 1.

_____

[1] Moon indicates in her complaint that her chosen name is Azelie Delaina Moon and her preferred pronouns are she/her.  (ECF No. 1, PageID.4).  The Court will therefore use she/her when referring to Moon.

1

Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 16).

Before the Court are four motions, all filed by Moon: three motions for a preliminary injunction (ECF Nos. 10, 11, 12) and a motion for declaratory judgment (ECF No. 15).  For the reasons discussed below, the undersigned RECOMMENDS that Moon's motions for a preliminary injunction (ECF Nos. 10, 11, 12) be DENIED WITHOUT PREJUDICE,[2] and that Moon's motion for declaratory judgment (ECF No. 15) be DENIED.

## II.    Motions for a Preliminary Injunction (ECF Nos. 10, 11, 12)

Moon's first motion for a preliminary injunction asks the Court to order the correction of her PREA classification to reflect her high risk for sexual victimization.  (ECF No. 10).  Her second motion asks the Court to order that she be transferred due to ongoing retaliation and mental health needs.  (ECF No. 11).  Her third motion asks the Court to order suspension of her misconducts and sanctions pending a final resolution of this case.  (ECF No. 12).

Under Federal Rule of Civil Procedure 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party."  None of the

---

[2] Motions for preliminary injunctions are dispositive, so the undersigned must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  *See Cook v. St. John Hosp. & Med. Ctr.*, No. 10-10016, 2010 WL 4137524, at *1 n.1 (E.D. Mich. Aug. 3, 2010), *report and recommendation adopted*, 2010 WL 4341192 (E.D. Mich. Oct. 27, 2010).

defendants have appeared in this case to date, and the docket reflects that the U.S. Marshals Service did not mail waivers of service to defendants until December 3, 2024. *See* ECF No. 14. Because Moon did not provide notice to defendants as required under Rule 65, the extraordinary relief of a preliminary injunction is unwarranted.[3]

Even construing Moon's motions as motions for temporary restraining orders, she fares no better. As explained in *Simmons v. City of Southfield*, No. 19-11726, 2020 WL 1868774, at *6 (E.D. Mich. Jan. 27, 2020), *report and recommendation adopted*, 2020 WL 1866096 (E.D. Mich. Apr. 14, 2020),

> [a] temporary restraining order may be issued without notice to the adverse party "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "Reasonable notice" means information received within a reasonable time to permit an opportunity to be heard. *Brown v. Countrywide Home Loans*, 2009 WL 1798069, at *1 (E.D. Mich. June 19, 2009) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974)) (noting that *ex parte* "temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard"). Only a temporary restraining order can be granted before the defendant(s) is/are served. *See Trevino v. Horizon Bankcorp, Inc.*, 2015 WL 12591758, at *1 (W.D. Mich. Dec. 17, 2015) ("Because Horizon Bank had not yet been

---

[3] In two of her motions, Moon certifies that she mailed copies to the Michigan Department of Attorney General. (ECF No. 10, PageID.102; ECF No. 11, PageID.113). However, none of the defendants have yet appeared through counsel, so this does not suffice to give them notice.

served with the complaint and the motion, this Court could not have granted Trevino's motion for a preliminary injunction prior to the auction. Trevino did not request a temporary restraining order, which could have been issued without notice to the party to be enjoined. *See* Fed. R. Civ. P. 65(b)(1).").

"A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm." *Brown*, 2009 WL 1798069, at *1; *see also Farrell v. Harvey Elam Fair Value Appraisal Servs.*, No. 11-cv-12368, 2011 WL 13220291, at *1 (E.D. Mich. June 3, 2011) (quoting *Schuh v. Mich. Dep't of Corr.*, No. 09-982, 2010 WL 3648876, at *2 (W.D. Mich. July 26, 2010)) ("An *ex parte* temporary restraining order is an extraordinary measure which will not be granted unless the movant clearly shows that such relief is warranted."). Here, as in *Simmons*, Moon

> has not provided notice to the opposing parties, nor certified in writing "why [notice] should not be required." Fed. R. Civ. P. 65(b)(l)(B)). She filed no certificates of service with the motions nor has she provided certified reasons, or even discussed, why she has not served the motion on defendants. Thus, [Moon's] failure to provide notice is not reasonable. "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

*Simmons*, 2020 WL 1868774, at *6. Accordingly, Moon's motions for a

4

preliminary injunction, and for a temporary restraining order if so construed, should be denied without prejudice.

### III.    Motion for Declaratory Judgment (ECF No. 15)

On December 10, 2024, Moon filed a motion for declaratory judgment.  In it, she asks the Court to "issue a declaratory judgment informing Defendants that acts of retaliation…violate Plaintiff's First Amendment, and in some cases, Eighth Amendment constitutional rights."  (ECF No. 15, PageID.230).

Declaratory judgment is a remedy, *Hummel v. Teijin Auto. Techs., Inc.*, No. 23-CV-10341, 2023 WL 6149059, at *4 (E.D. Mich. Sept. 20, 2023), and the Federal Rules do not provide for declaratory judgment motions.  *Marsh v. Anderson*, No. 21-CV-10348, 2022 WL 816399, at *2 (E.D. Mich. Mar. 17, 2022). For this reason, motions for declaratory judgment are often construed as motions for summary judgment because they raise factual questions that are "not suited for resolution on a declaratory basis."  *Id.*; *see also Universal Logistics Sols., Inc. v. Glob. Keg Rental, LLC*, No. 17-CV-10078, 2017 WL 3205849, at *2 (E.D. Mich. July 28, 2017) (compiling cases).  In her motion, Moon essentially asks the Court to find in her favor on the merits of her First and Eighth Amendment claims. Because Moon is asking for the resolution of her claims, her motion should be construed as a motion for partial summary judgment and denied as premature.

"Before ruling on summary judgment motions, a district judge must afford

the parties adequate time for discovery, in light of the circumstances of the case."
*Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir.
1995); *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich.
2010) ("[A] motion for summary judgment filed before the close of discovery is
often denied as premature in this circuit, either on the opposing party's . . .
affidavit and request or on the court's own initiative without an explicit request
from the opposing party."). The defendants in this case have not been served,
much less had the opportunity to engage in discovery. As such, it is recommended
that Moon's motion for declaratory judgment be denied.

## IV.   Conclusion

For the reasons discussed above, the undersigned RECOMMENDS that
Moon's motions for a preliminary injunction (ECF No. 10, 11, 12) be DENIED
WITHOUT PREJUDICE, and that Moon's motion for declaratory judgment (ECF
No. 15) be DENIED.

Dated: December 16, 2024                    s/Kimberly G. Altman
Detroit, Michigan                           KIMBERLY G. ALTMAN
                                            United States Magistrate Judge

## <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and
Recommendation. Any objections must be filed within 14 days of service, as
provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 16, 2024.

s/Dru Jennings
DRU JENNINGS
Case Manager