UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MOON a/k/a AZELIE DELAINA MOON,

Plaintiff,

v.

MATTHEW SISSEN, et al.,

Defendants.
_______________________________________/

Case No. 2:24-cv-12850

Honorable Susan K. DeClercq
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION (ECF No. 93); OVERRULING DEFENDANTS' OBJECTIONS (ECF No. 92); OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 94); ADOPTING REPORT AND RECOMMENDATION (ECF No. 90); AND GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 75)**

In this case, Plaintiff Azelie Delaina Moon[1] alleges that she was mistreated while incarcerated at the Gus Harrison Correctional Facility. Now before this Court is Magistrate Judge Kimberly G. Altman's Report and Recommendation ("R&R") recommending that this Court grant Defendants' motion for judgment on the pleadings in part and deny it in part. Both Parties have filed objections. As explained

[1] Although Moon's legal name is David Moon, as before, this Court refers to Moon with her preferred name and pronouns. *See* ECF No. 1 at PageID.4.

below, all objections will be overruled, the R&R will be adopted in full, and Defendants' motion for judgment on the pleadings will be granted in part and denied in part.

**I. BACKGROUND**

On October 29, 2024, Moon filed suit against Defendants, alleging retaliation, deliberate indifference and failure to protect, due process and equal protection violations, as well as claims under Title II of the Americans with Disabilities Act, § 504 of the Rehabilitation Act, and Michigan's Elliott Larsen Civil Rights Act (ELCRA). *See generally* ECF No. 1. The case was referred to Magistrate Judge Altman for all pretrial proceedings. *See* ECF No. 16.

In May 2025, the Court adopted a report and recommendation from Judge Altman that granted in part Defendants' motion to dismiss and for summary judgment. ECF Nos. 50; 54. At that point, the following claims were permitted to proceed: (1) Moon's equal protection claim against Defendant Perry for requiring her to wear a beard guard; (2) Moon's due process claim against Defendant Campbell for denying her Search Accommodation request; (3) Moon's First Amendment claims against all Defendants *except* Defendant Scudder; (4) Moon's ELCRA claims against all Defendants *except* Scudder; and (5) all claims against Defendant John Doe (who has since been identified as Lee McRoberts, *see* ECF Nos. 56; 58; 59). ECF No. 54 at PageID.547–48.

Defendants then moved for judgment on the pleadings on the remaining claims, arguing that Moon failed to state any viable claims and that they were entitled to qualified immunity. ECF No. 75. Moon opposed the motion, ECF No. 82, and Defendants replied in support of their motion, ECF No. 89. On May 14, 2026, Magistrate Judge Altman issued an R&R recommending dismissal of Moon's equal protection claim against Perry; Moon's due process claim against Campbell; and Moon's First Amendment claims against all Defendants *except* Sissen and Horton. ECF No. 90. Both Parties filed objections, ECF Nos. 92; 94, and responded to the other's objections, ECF Nos. 95; 96.[2]

## II. LEGAL STANDARD

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of the report to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court "may accept, reject, or modify the" findings and recommendations. FED. R. CIV. P. 72(b)(3); *see also Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it

[2] Moon's objections followed a motion for deadline extension. ECF No. 93. Defendants did not respond; the Court will grant Moon's motion and consider the merits of her objections.

reviewed. *See Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

## III. DISCUSSION

### A. Defendants' Objections (ECF No. 92)

#### *1. First Amendment Claim Against Sissen*

Defendants first argue that Judge Altman erred by not finding that Moon's First Amendment claim against Sissen was waived by her failure to respond to Defendants' arguments on that claim. ECF No. 92 at PageID.978–80. Second, they argue that in any event, Moon fails to state a claim because her allegations do not involve irreplaceable property and thus is not an adverse action. *Id.* at PageID.982. Moon responds that the R&R properly reviewed the evidence on record and sustained her claim. ECF No. 95 at PageID.1006–08. For the reasons provided below, this Court will overrule Defendants' objections.

##### *a. Waiver*

As to Defendants' waiver argument, Moon substantively responded to Defendants' motion on many points, but Defendants are correct that she did not address the First Amendment claim against Sissen in detail. *See generally* ECF No. 82. However, the failure to respond to a dispositive motion does not automatically entitle the moving party to judgment because this Court must still "examine the movant's motion" to ensure the movant has met its initial burden.

*Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998). This is underscored by the fact that this Court need not "blithely accept" a movant's arguments or characterization of the record. *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). Rather, this Court must "intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy . . . for the silent party." *Id.* This is especially appropriate considering this Court's duty to construe *pro se* filings liberally. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Here, Judge Altman reviewed Moon's complaint in the face of Defendants' motion. *See* ECF No. 90 at PageID.961–62. This was entirely proper, and Defendants' first argument is overruled. *See Stough*, 138 F.3d at 614; *see also Erikson*, 551 U.S. at 94.

*b. Failure to State a Claim*

As to Defendants' failure-to-state-a-claim argument, they assert that that Moon's allegations do not rise to the level of a First Amendment violation for two reasons: first, because her property was not destroyed, and second, because the destruction of property is not an adverse action sufficient to sustain a retaliation claim. ECF No. 92 at PageID.980–82. Moon responds that her property was allegedly "disposed of," and there is no indication that her property was returned to her, which is, in fact, an adverse action. ECF No. 95 at PageID.1007–08.

As relevant here, to sustain her First Amendment retaliation claims, Moon must allege "an adverse action was taken against [her] that would deter a person of ordinary firmness from continuing to engage in [protected] conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Defendants' first argument is belied by the language quoted in their objection. In arguing that Moon's complaint is deficient, Defendants quote the following language from the Complaint: "Defendant Sissen confiscated and *disposed of* Plaintiffs [property]." ECF No. 92 at PageID.980 (quoting ECF No. 1 at PageID.7) (emphasis added). Construing Moon's complaint liberally, as the Court must, *see, e.g.*, *Estelle*, 429 U.S. 106, a reasonable inference from her use of the verb "disposed" is that her property was destroyed in some way after being taken from her. *See, e.g.*, *to get rid of*, OXFORD ENGLISH DICTIONARY (3rd ed. Dec. 2024) (defining "to get rid of" as "to dispose of"). Moreover, when Moon "attempted to retrieve her property, Sissen said it had gone to the school building." ECF No. 1 at PageID.7. While it is unclear what "the school building" is, there is no indication that Moon retrieved her property, rendering it plausible that it was, in fact, disposed of in some way. Thus, Defendants' argument that Moon did not allege her property was destroyed is unavailing, and this Court finds no error here.

Next, Defendants argue that Judge Altman incorrectly interpreted *Richards v. Perttu*, 96 F.4th 911 (6th Cir. 2024), by holding that confiscation of inmate property

is sufficiently adverse to sustain a First Amendment claim. ECF No. 92 at PageID.981–82. But this Court again finds no error in Judge Altman's R&R. In *Richards*, the Sixth Circuit made clear that "confiscating an inmate's legal papers and other property constitutes a sufficient injury to support a First Amendment retaliation claim." *Id.* at 918 (quoting *Bell v. Johnson*, 308 F.3d 594, 604 (6th Cir. 2002)). As part of its analysis, the *Richards* court analyzed *Bell*, 308 F.3d 594. *See id.* In *Bell*, the plaintiff's legal papers and certain medically necessary snacks were confiscated. *Id.* at 605. Taken together, Bell testified, "these actions caused him to fear leaving his cell and led him to worry that the guards were tampering with his food," which demonstrated that "defendants' actions had an intimidating effect on [him]" and were sufficient to "deter a person of ordinary firmness from pursuing his or her legal rights," and in turn, to sustain a retaliation claim. *Id.* Defendants argue that the property at issue in *Bell* was irreplaceable, rendering *Bell*'s holding distinguishable. But in *Bell*, the confiscated medical snacks were replaceable much like Moon's allegedly disposed of clothing, food, and personal care items. *See id.* Therefore, the Court finds that *Bell* supports the R&R's analysis and conclusion, and the Court overrules Defendants' objection. *See id.*

*2. First Amendment Claim Against Horton*

Defendants' second objection contends that Judge Altman did not properly characterize Moon's claim against Defendant Horton, relying on a single sentence

of Moon's response brief that referenced a specific prisoner. ECF No. 92 at PageID.982–86. In Defendants' view, this transforms Moon's claim to one of cellmate assignment rather than housing unit transfer more broadly, which they contend is inactionable. *Id.* Moon responds that Defendants misconstrue a specific example she provided in support of the allegation that she felt unsafe in her housing unit. ECF No. 95 at PageID.1008–12. As explained below, this Court will overrule Defendants' second objection.

As Judge Altman explained, Moon brings a retaliation claim against Horton for agreeing to facilitate a change in Moon's housing unit, but later revoking that agreement and explicitly stating that she would not facilitate the transfer because Moon had made "unnecessary waves." *See* ECF No. 90 at PageID.962–63. Moon's Complaint explains that she sought a transfer because she felt unsafe in her unit. *See* ECF No. 1 at PageID.4–5. In response to Defendants' motion, Moon cited another prisoner as a specific example of "the types of prisoners the MDOC has housed [her] with" that caused her to be unsafe. *See* ECF No. 82 at PageID.846. Defendants argue that this sentence "clarified" Moon's claim, transforming it from a housing-transfer claim to a cellmate-assignment claim. ECF No. 92 at PageID.983.

The Court finds no error in Judge Altman's analysis. Moon's Complaint clearly alleges that she sought a housing unit transfer, which Horton initially agreed to provide but later revoked. ECF No. 1 at PageID.4–5. That Moon now provides

specific details as to *why* she felt unsafe and sought a housing transfer does not transform her claim entirely.

Defendants also argue that Moon failed to plead "extraordinary circumstances" to demonstrate that Horton's actions were adverse. ECF No. 92 at PageID.985. However, as Judge Altman noted, Defendants only cite cases involving a housing assignment—which is dissimilar to Moon's allegation that Horton promised a change in her housing assignment but *revoked* that promise in retaliation for her actions. ECF No. 90 at PageID.963–64. Thus, this Court agrees with Judge Altman that a reasonable jury could conclude that this revocation was sufficiently adverse to discourage a person of ordinary firmness from exercising her First Amendment rights. *See generally Thaddeus-X*, 175 F.3d at 394 (defining an adverse action as one that deters someone of ordinary firmness from acting on her rights). Therefore, Defendants' objection will be overruled.

*3. ELCRA claims*

Defendants' final objection is that the R&R improperly recommends exercising supplemental jurisdiction over state-law claims brought against defendants for whom all federal claims are now dismissed. Moon responds that because at least one federal claim remains, this Court may continue to exercise supplemental jurisdiction. For the reasons provided below, this Court will overrule this objection and maintain supplemental jurisdiction over the ELCRA claims.

This Court may exercise supplemental jurisdiction over related claims that "form part of the same case or controversy" as any claim over which it has original jurisdiction. 28 U.S.C. § 1367(a). Defendants argue that supplemental jurisdiction is determined on a defendant-by-defendant basis: they argue that this Court lacks supplemental jurisdiction over Defendants Perry, Trowbridge, Knaup, Wagus, Rosenbrock, Brown, Johnson, Campbell, and McRoberts after dismissing all federal claims against them. ECF No. 92 at PageID.987. But they cite no authority in support of that proposition. *See id.* The text of § 1367 does not add such a qualification. Rather, the question is whether the state-law claims involve the same case or controversy—not the same defendants. *See* 28 U.S.C. § 1367(a). Because not all federal claims have been dismissed *in this case*, this Court finds no error in Judge Altman's recommendation to continue to exercise supplemental jurisdiction over Moon's ELCRA claims. *See, e.g.*, *Kiekisz v. Cuyahoga Cnty. Bd. of Comm'rs*, No. 1:21-cv-00264, 2021 WL 5193985, at *8 (N.D. Ohio, Nov. 9, 2021) (exercising supplemental jurisdiction over state law claims against certain defendants after all federal claims against them were dismissed because "other federal claims remain[ed] against several other [d]efendants").

In sum, this Court finds that Judge Altman's findings and conclusions are without error, so Defendants' objections are overruled.

**B. Moon's Objections (ECF No. 94)**

*1. Timeliness of Defendants' Motion*

Moon first argues that Defendants' motion was premature, as Defendants have not filed an answer. ECF No. 993–95. However, as Defendants argue and Judge Altman explained, the Prison Litigation Reform Act specifically permits a defendant to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(g)(1); *see also Jones v. Bock*, 549 U.S. 199, 213–14 (2007). Here, the time to respond has closed, and Defendants waived their right to respond. Accordingly, Civil Rule 12(c) permits a motion for judgment on the pleadings "[a]fter the pleadings are closed," rendering Defendants' motion timely. FED. R. CIV. P. 12(c). Therefore, this objection will be overruled. *See id.*

*2. Standard of Review*

Next, Moon argues that Judge Altman applied an incorrect standard of review, arguing that her claims should be dismissed only if no set of facts could be proven that would entitle her to relief. ECF No. 94 at PageID.995. She specifically states that four claims should be "subject to the opportunity to offer proof," *id.*, but makes no argument as to why that is true. Defendants respond by arguing that Judge Altman applied the proper standard—that of Civil Rule 12(b)(6)—and that Moon does not

explain why her claims meet this threshold. ECF No. 96 at PageID.1019–21. As explained below, this Court will overrule this objection.

A motion for judgment on the pleadings under Civil Rule 12(c) is subject to the same standard as motions to dismiss under Civil Rule 12(b)(6). *See, e.g.*, *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021). Under that standard, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). A complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503–04 (6th Cir. 2013). In short, a complaint must contain facts sufficient to "nudge[] [plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Judge Altman properly applied this standard, and Moon makes no attempt to show how the four "improperly dismissed" claims cross the threshold from possible to plausible. *See generally id.* At bottom, this Court finds no specific allegations Judge Altman overlooked, and Moon offers none. Therefore, the Court finds no error in the R&R here, and this objection will be overruled.

*3. Equal Protection Claim Against Perry*

Moon's third objection argues that her equal protection claim against Perry should continue for two reasons: first, she has offered direct evidence of discrimination, and second, inmates at another prison should be considered similarly situated comparators. ECF No. 94 at PageID.996–98. Defendants respond that Moon has failed to identify any similarly situated persons, so Judge Altman properly dismissed this claim. ECF No. 96 at PageID.1022. Because this Court finds no truly direct evidence of prejudice nor possible comparators, this Court will overrule this objection.

Direct evidence of discrimination is evidence that "does not require a fact-finder to draw any inferences in order to conclude that the challenged . . . action was motivated at least in part by prejudice against members of the protected group." *Umani v. Mich. Dep't of Corrs*., 432 F. App'x 453, 458 (6th Cir. 2011) (quoting *Johnson v. Kroger Co*., 319 F.3d 858, 865 (6th Cir. 2003)). "Direct evidence is composed of only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor." *Id.*

Here, Moon's claim against Perry alleges that he discriminated against her by forcing her to wear a beard guard, despite MDOC policy requiring inmates working in the kitchen to shave daily *or* wear a beard guard. ECF No. 1 at PageID.6. She claims that she shaves her face daily, which makes Perry's statements direct

evidence of Perry's discrimination.[3] *See* ECF No. 94 at PageID.996. However, Perry's order, standing alone, requires inferences to discover prejudice. *See Umani*, 432 F. App'x at 458. Simply ordering Moon to wear a beard guard—without further statements or indications that this order was motivated by discriminatory animus against Moon's gender identity—does not directly evidence prejudice or discrimination. *See, e.g.*, *Foster v. Judnic*, 963 F. Supp. 2d 735, 754 (E.D. Mich. 2013) (finding emails not direct evidence of discrimination where nothing in the emails "made references [to] race or gender discrimination"). Therefore, this objection will be overruled. *See generally id.*

Moon also asks this Court to overrule Judge Altman's conclusion that inmates at other prisons are not similarly situated for the purpose of equal protection analysis, arguing vaguely that this general rule that should not apply here. ECF No. 94 at PageID.997–98. However, Moon does not explain *why* the general rule should not apply here, and in turn, the Court finds no error in the application of that rule. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that general objections to R&Rs without specific arguments around "issues of contention" are insufficient). Because Moon has not identified any other possible comparators, her equal

[3] Moon argues that she, "under penalty of perjury, has stated on the record that she shaves daily." ECF No. 94 at PageID.996. The Court finds no such allegation in Moon's Complaint, ECF No. 1, but the truth of the allegation is ultimately immaterial to this analysis.

protection claim must be dismissed. Therefore, this objection will be overruled. *See generally id.*

*4. Retaliation Claim Against Perry*

Moon also objects to Judge Altman's dismissal of her retaliation claim against Perry, arguing that she demonstrated that Perry wrote her a misconduct ticket immediately after she complained he misgendered her, which suffices to plead a claim for retaliation. ECF No. 94 at PageID.998–99. However, as Defendants explain, Moon's Complaint alleges retaliation by way of terminating her work assignment, only briefly mentioning that Perry threatened to write her a misconduct ticket. *See* ECF Nos. 1 at PageID.6–7; 96 at PageID.1022–23. There is no allegation that Perry carried out this threat and actually issued a misconduct ticket to Moon. Although *pro se* pleadings are to be construed liberally, *Estelle*, 429 U.S. at 106, this Court need not consider allegations outside the Complaint, *see, e.g*, *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (holding that plaintiffs may not "ask the court to consider new allegations (or evidence) not contained in the complaint" in an attempt to withstand a motion). Accordingly, this objection will be overruled. *See id.*

*5. Dicta Regarding Moon's Retaliation Claims*

Next, Moon objects to the following language in the R&R as defamatory and unsupported by the record: "[I]t appears that Moon attempts to create a retaliation

claim out of every unfavorable action taken against her." ECF No. 94 at PageID.999 (quoting ECF No. 90 at PageID.967). This objection, which takes issue with the general verbiage used by the Court in dicta, rather than in a holding, is insufficiently specific to be actionable. *See Miller*, 50 F.3d at 380. In any event, this Court finds no error in Judge Altman's holdings that Moon failed to adequately allege that these myriad retaliatory actions were more than the "routine inconveniences of prison life," or that they were motivated by protected conduct. *See Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011). Therefore, this general objection will be overruled. *See Miller*, 50 F.3d at 380.

*6. First Amendment Claim Against Trowbridge*

Moon further asks this Court to sustain her First Amendment claim against Trowbridge, arguing that the R&R failed to consider the timing of Trowbridge's actions as evidence of causation. ECF No. 94 at PageID.1001. Moon argues that Trowbridge refused to allow her to make photocopies only after viewing a previous lawsuit she filed. *Id.* However, as Defendants point out, Moon's complaint only alleged that Trowbridge refused because Moon had insufficient funds. ECF No. 1 at PageID.9–10; *see also* ECF No. 96 at PageID.1024–25. As above, *pro se* pleadings are to be construed liberally, *Estelle*, 429 U.S. at 106, but the Court need not consider allegations outside the Complaint, *Bates*, 958 F.3d 483. Therefore, this Court finds no error, and this objection will be overruled.

*7. Qualified Immunity*

Finally, Moon asks the Court to "re-determine whether" Judge Altman properly adjudicated Defendants' qualified immunity defense. ECF No. 94 at PageID.1002. As outlined above, this Court finds no error in Judge Altman's findings that Moon has not alleged a violation of her constitutional rights by Perry, Trowbridge, Knaup, Wagus, Rosenbrock, Brown, Johnson, McRoberts, and Campbell. Absent a valid constitutional claim, these defendants are entitled to qualified immunity. *See, e.g.*, *Chappell v. City of Cleveland*, 585 F.3d 901, 916 (6th Cir. 2009) (finding defendants entitled to qualified immunity where plaintiff "failed to carry her burden . . . of demonstrating that Defendants violated [her decedent]'s constitutional rights"). Therefore, this objection will be overruled. *See id.*

In sum, both Defendants' and Moon's objections are all overruled because this Court has found no clear error in Judge Altman's findings and conclusions. Therefore, the R&R will be adopted in full, thereby granting in part and denying in part Defendants' motion for judgment on the pleadings.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Moon's Motion for Deadline Extension, ECF No. 93, is **GRANTED**.

It is further **ORDERED** that Defendants' Objections, ECF No. 92, are **OVERRULED**.

It is further **ORDERED** that Plaintiff's Objections, ECF No. 94, are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 90, is **ADOPTED**.

It is further **ORDERED** that Defendants' Motion for Judgment on the Pleadings, ECF No. 75, is **GRANTED IN PART** and **DENIED IN PART**. The only remaining claims are (1) Moon's retaliation claim against Sissen; (2) Moon's retaliation claim against Horton; and (3) Moon's ELCRA claims against all Defendants.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 31, 2026